Rachel E. Kaufman, CA Bar No. 259353
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, Florida 33133
Telephone: (305) 469-5881

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA WEISS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXTGEN LEADS, LLC, a California company,<br><br>Defendant. | NO. **'22CV404 DMS AGS**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Melinda Weiss ("Plaintiff Weiss" or "Weiss") brings this Class Action Complaint and Demand for Jury Trial against Defendant NextGen Leads, LLC ("NextGen"). Plaintiff Weiss, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Melinda Weiss is a resident of Tennessee.

2. Defendant NextGen Leads, LLC is a California limited liability company with its headquarters in this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District since the Defendant is headquartered in this District.

## INTRODUCTION

5. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

6. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the

telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

   7. The Plaintiff Melinda Weiss alleges that NextGen Leads, LLC ("NextGen Leads") made unsolicited telemarketing calls and sent a text message

CLASS ACTION COMPLAINT
-3-

advertisement to her residential telephone number that is listed on the National Do Not Call Registry.

8. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

9. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

10. The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

13. NextGen leads generates potential customers for its insurance company clients.

14. To generate leads, NextGen Leads makes telemarketing calls to consumers who have never had a relationship with them and who have never consented to receive their calls.

15. Indeed, NextGen Leads has previously been sued in lawsuits where it is alleged to have violated the TCPA. *See Marcavage v. NextGen Leads, LLC*, Civil Action No. 20-cv-409 (S.D. Cal.).

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff's telephone number (the "Number"), 423-383-XXXX, is on the National Do Not Call Registry and has been continuously since January 25, 2018.

18. Despite this, the Defendant placed four telemarketing calls to Ms. Weiss on February 7, 2022.

19. All of the calls came from the same Caller ID number, (601) 202-4796.

20. NoMoRobo, which won the FTC's competition for tracking robocalls, has reported that call back number as a "robocaller". https://www.nomorobo.com/lookup/ 601-202-4796. (Last Visited March 23, 2022).

21. Indeed, other individuals have complained about receiving telemarketing calls from that number as well. *See* https://www.shouldianswer.com/phone-number/6012024796. (Last Visited March 23, 2022).

22. NextGen Leads was attempting to reach Ms. Weiss to promote its insurance lead services.

23. By doing so, it intended to solicit Ms. Weiss for the insurance services that are offered by its clients.

24. NextGen also sent a telemarketing text message to Ms. Weiss on February 22, 2022:

[Screenshot of text message from +18575573144, Tuesday, February 22, 2022, 9:14 AM: "Hi Windell, this is Cory from FirstQuoteHealth and I'm following up on you regarding your inquiry with us awhile ago about coverage. Can we get on a call to discuss your needs? Text STOP to opt-out." Reply at 9:15 AM: "Stop"]

25. The Plaintiff is not "Windell".

26. The Plaintiff does not know a "Windell".

27. The Plaintiff did not make an inquiry regarding insurance coverage.

28. Nonetheless, the text message sent to the Plaintiff, just like the call attempts, were designed to solicit insurance services.

29. Plaintiff's privacy has been violated by the above-described telemarketing calls.

30. The Plaintiff never provided her consent or requested these calls.

31. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed.

32. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

33. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

34. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint through the date of trial.

This is referred to as the "Class".

35. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. The Class as defined above are identifiable through phone records and phone number databases.

37. The potential members of the Class number at least in the thousands.

38. Individual joinder of these persons is impracticable.

39. The Plaintiff is a member of the Class.

40. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
> (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA;
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41. Plaintiff's claims are typical of the claims of members of the Class.

42. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

44. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

45. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

46. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

47. The Defendant's violations were negligent, willful, or knowing.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

49. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other

persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

    F.    An award to Plaintiff and the Class of damages, as allowed by law; and

    G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff Weiss requests a jury trial.

DATED this 28th day of March, 2022.

> **MELINDA WEISS**, individually and on behalf of all others similarly situated,
>
> By: */s/ Rachel E. Kaufman*
> Rachel E. Kaufman
> rachel@kaufmanpa.com
> KAUFMAN P.A.
> 237 South Dixie Highway, 4th Floor
> Coral Gables, Florida 33133
> Telephone: (305) 469-5881
>
> *Attorney for Plaintiff and the putative Class*